# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 10, 2024

## ANTHONY PARKER v. MANAGEMENT & MARKETING CONCEPTS, INC.

### Appeal from the Circuit Court for Rutherford County
No. 81201    Terry A. Fann, Judge

_____

### No. M2024-00273-COA-R3-CV

_____

This is an appeal from an order striking a demand for a jury trial. Because the order does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Anthony Parker, Murfreesboro, Tennessee, Pro Se.

Cory Richard Miller, Nashville, Tennessee, for the appellee, Management & Marketing Concepts, Inc.

### MEMORANDUM OPINION[1]

This appeal involves a tenant's action against his landlord alleging negligence, discrimination, and violation of the Uniform Residential Landlord Tenant Act. The tenant, Anthony Parker, did not include a jury demand in his complaint. Upon learning of the omission, Mr. Parker filed a Demand for Jury Trial on October 9, 2023. The landlord, Management & Marketing Concepts, Inc. ("MMC"), moved to strike the Demand for Jury Trial. The trial court heard the motion to strike on February 15, 2024, and entered an order granting the motion to strike on March 8, 2024. On February 20, 2024, Mr. Parker filed a notice of appeal from the order striking his Demand for Jury Trial. MMC has moved to

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

dismiss the appeal for lack of a final judgment.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Here, the trial court has not adjudicated any of the claims raised in Mr. Parker's complaint. All of those claims remain pending before the trial court.

Mr. Parker appears to concede that the order appealed is interlocutory, but contends that we should consider the appeal under Tennessee Rule of Appellate Procedure 10. Rule 10 permits this Court, in its discretion, to grant an extraordinary appeal from an interlocutory order if the trial court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review or if necessary for a complete determination of the action on appeal. However, Mr. Parker has not filed an application for an extraordinary appeal or complied with any of the requirements of Rule 10. Even if Mr. Parker had complied with the requirements of Rule 10, we cannot conclude from the record before us that the trial court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review or that an extraordinary appeal is necessary for a complete determination of the action on appeal.

For the foregoing reasons, the appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs are taxed to appellant, Anthony Parker.

PER CURIAM